UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| RONNIE LEROY SNYDER, | No. 14-cv-2047 (PAM/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WILSON, Warden, | |
| Respondent. | |

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241.  The case has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons set forth below, this Court recommends that this action be dismissed for lack of subject matter jurisdiction, or, in the alternative, that this action be dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I.   BACKGROUND**

Ronnie Leroy Snyder ("Petitioner") is a prisoner at the Federal Correctional Institution in Sandstone, Minnesota ("FCI Sandstone), where Denese Wilson[2] ("Respondent") is the Warden. (Pet. [Docket No. 1], at ¶ 1).  On February 26, 2004, Petitioner was indicted in the U.S. District

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. See Rule 1(b).  See also Mickelson v. United States, No. 01-cv-1750 (JRT/SRN), 2002 U.S. Dist. LEXIS 17228, at *5 (D.Minn. Sept. 10, 2002) (Tunheim, J.); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989).

[2] The Petition merely names as Respondent: "Warden; Wilson." (Pet. [Docket No. 1], at 1).  This Court takes judicial notice that the Warden of FCI Sandstone is Denese Wilson.  See Swehla v. Wilson, No. 13-cv-1919 (SRN/JJK), 2013 U.S. Dist. LEXIS 148961 (D. Minn. Sept. 26, 2013) (Keyes, M.J.).

1

Court for the Northern District of Iowa on one count of possession of pseudoephedrine, in violation of 21 U.S.C. § 841(c)(2), and one count of manufacturing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. United States v. Snyder, No. 6:04-cr-02008-LRR (N.D. Iowa) (hereinafter, "Snyder I") (Indictment [Docket No. 1]). However, he was not arrested until May 10, 2006. Id. (Arrest Warrant Returned Executed [Docket No. 4]). Subsequently, on June 19, 2006, Defendant moved to suppress evidence seized as a result of the execution of a search warrant. Id. (Mot. Suppress [Docket No. 14]). On July 7, 2006, the U.S. Magistrate Judge[3] recommended that the Motion to Suppress be denied. Id. (Report & Recommendation [Docket No. 29]). On that same day, Petitioner entered a conditional guilty plea to the second count (manufacturing methamphetamine), by which he reserved his right to appeal a pending the determination of his Motion to Suppress. Id. (Notice of Conditional Guilty Plea [Docket No. 31]). Subsequently, on August 14, 2006, the District Court[4] adopted the Report and Recommendation and denied the Motion to Suppress. Id. (Order [Docket No. 39]). Following a sentencing hearing on January 30, 2007, Defendant was sentenced to 208 months (17 years, 4 months) in prison. Id. (Minute Entry [Docket No. 69]; Judgment [Docket No. 70]).

Petitioner appealed to the Eighth Circuit both the suppression issue and his sentence. United States v. Snyder, 511 F.3d 813, 814-15 (8th Cir. 2008) (hereinafter, "Snyder II"). Although the District Court was affirmed on both grounds, Id. at 815, of particular relevance to the present case is Petitioner's argument to the Eighth Circuit panel that he should not have been sentenced as a "career offender." The U.S. Sentencing Guidelines provide:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the

---

[3] The Hon. John A. Jarvey.

[4] The Hon. Lina R. Reade, U.S. District Judge, presiding.

>instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Petitioner challenged the application of § 4B1.1(a)(3); although he acknowledged that he had three prior burglary convictions—one for burglary of a residential dwelling, and two for burglaries of commercial buildings—he argued that the commercial burglaries should not count as crimes of violence. Snyder II, 511 F.3d at 817. However, the Eighth Circuit, noting that it had repeatedly found "that burglary of commercial buildings qualifies as a crime of violence," held that the District Court had not erred in sentencing Petitioner as a career offender. Id. at 817-18 (citing United States v. Hascall, 76 F.3d 902, 904 (8th Cir. 1996); United States v. Blahowski, 324 F.3d 592, 595-97 (8th Cir. 2003) (reaffirming Hascall)). The U.S. Supreme Court subsequently denied Petitioner's request for certiorari. Snyder v. United States, 554 U.S. 908 (2008) (hereinafter, "Snyder III").

On June 16, 2009, precisely one year after the U.S. Supreme Court denied certiorari in his direct appeal, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Snyder v. United States, 2012 U.S. Dist. LEXIS 76780, at *1 (N.D. Iowa June 4, 2012) (hereinafter, "Snyder IV"). In Snyder IV, Petitioner asserted a number of grounds for the relief sought, all of which were denied, including his ongoing argument that he should not have been sentenced as a career offender because two of his prior burglary convictions were commercial burglaries. Id. at *4-6.[5] On June 4, 2012, Petitioner's plea for § 2255 relief was denied, and Snyder IV was dismissed. Id. at *9.

On June 18, 2014, Petitioner, proceeding *pro se*, filed with this Court his present Petition seeking relief pursuant to 28 U.S.C. § 2241. [Docket No. 1]. In it, Petitioner acknowledges his

---

[5] See also Part II.B.2 infra.

3

unsuccessful direct appeal, (Id. at 2), and his previous § 2255 petition, (Id. at 4). Additionally, Petitioner acknowledges that he is challenging his sentence. (Id. at 1). Nonetheless, he asserts that he is entitled to relief under § 2241 in light of the U.S. Supreme Court's recent decision in Descamps v. United States, ___ U.S. ___,[6] 133 S. Ct. 2276 (2013). (Pet. [Docket No. 1], at 2-5).

## II. DISCUSSION

Construing his petition liberally,[7] Petitioner articulates two grounds for vacating his present sentence. First, he argues that, in light of Deschamps, supra, his conviction for commercial burglary in Arkansas pursuant to Ark. Code Ann. § 5-39-201(b) "is no longer a violent predicate" for purposes of Section 4B1.1(a)(3) of the U.S. Sentencing Guidelines. (Pet. [Docket No. 1], at 2-3). Second, he advances the same argument with regard to his conviction for commercial burglary in Minnesota pursuant to Minn. Stat. § 609.582 subd. 3. (Pet. [Docket No. 1], at 3).

Although it has scarcely been a year since the U.S. Supreme Court decided Descamps,[8] supra, Petitioner is not the first inmate in this District to argue that he is entitled under Descamps to a modification of his sentence. See Jones v. Wilson, No. 13-cv-2208 (JJK/JNE), 2014 U.S. Dist. LEXIS 64390 (D. Minn. Mar. 26, 2014) (Keyes, M.J.) (hereinafter, "Jones I"), adopted by 2014 U.S. Dist. LEXIS 64277 (D. Minn. May 9, 2014) (Ericksen, J.) (hereinafter, "Jones II"); Swehla v. Wilson, No. 13-cv-1919 (SRN/JJK), 2013 U.S. Dist. LEXIS 148961 (D. Minn. Sept. 26, 2013) (Keyes, M.J.) (hereinafter, "Swehla I"), adopted by 2013 U.S. Dist. LEXIS 168732 (D.

---

[6] U.S. Reporter citation not yet available.

[7] "[A]s a general rule a *pro se* habeas petition must be given a liberal construction." Frey v. Schuetzle, 78 F.3d 359, 361 (8th Cir. 1996).

[8] The U.S. Supreme Court's opinion in Descapms was handed down on June 20, 2013.

Minn. Nov. 27, 2013) (Nelson, J.) (hereinafter, "Swehla II"). Upon consideration of those cases, and of the issues presented in the present Petition, this Court concludes that the Petition should be denied, and that this case should be dismissed.

   **A. Because Petitioner challenges the imposition of his sentence, this Court lacks subject matter jurisdiction to grant him relief under 28 U.S.C. § 2241.**

The statute governing petitions for habeas corpus, 28 U.S.C. §§ 2241-2255, provides two distinct bases for a petitioner to challenge his sentence. "Whereas a § 2255 motion involves a challenge to the imposition of a sentence, a § 2241 motion involves a challenge to the execution of a sentence." Swehla II, 2013 U.S. Dist. LEXIS 168732, at *4-5. "As to an underlying challenge to a federal sentence, a petitioner generally must do so in the sentencing court through 28 U.S.C. § 2255 and not 28 U.S.C. § 2241." Id. at *4 (citing Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004)); see also Jones II, 2014 U.S. Dist. LEXIS 64277, at *1 (describing this rule as "well established").

However, 28 U.S.C. § 2255 contains a "savings clause," which provides:

> An application for a writ of habeas corpus [on] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, ***unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention***.

28 U.S.C. § 2255(e) (emphasis added). Except where this savings clause is implicated,"[a] district court does not have subject matter jurisdiction over issues concerning the imposition of a sentence by another district court." Desimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam) (citing 28 U.S.C. § 2255).

As previously noted, Petitioner was sentenced by the U.S. District Court for the Northern District of Iowa, and his sentence is being executed in the District of Minnesota. In this Court,

5

Petitioner now seeks relief in the present case pursuant to 28 U.S.C. § 2241. Although Petitioner does not expressly invoke the foregoing savings clause of § 2255, in construing his Petition liberally, this Court finds that Petitioner is implicitly arguing that he is permitted to seek relief via § 2241 because a motion under § 2255 would be "inadequate or ineffective." "A petitioner has the burden of demonstrating that § 2255 relief in his or her sentencing court would be inadequate or ineffective." Jones I, 2014 U.S. Dist. LEXIS 64390, at *8 (citing Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)).

In the present case, Petitioner offers no argument whatsoever as to why the savings clause should apply. This Court concludes that it does not.

Title 28 U.S.C. § 2255 does not define the phrase "inadequate or ineffective," and the Eighth Circuit has interpreted the phrase "very narrowly." Swehla I, 2013 U.S. Dist. LEXIS 148961, at *11. In the present case, the Petition, construed liberally, might be read to assert that Petitioner seeks to invoke the savings clause to obtain relief under 28 U.S.C. § 2241 because more than a year has passed since his sentence became final, and/or because he has already sought relief via a § 2255 motion in the sentencing Court and § 2255 bars successive motions. However, under binding Eighth Circuit precedent, neither of these circumstances is sufficient to invoke the savings clause:

> To show that the remedy by motion is inadequate or ineffective, the petitioner cannot rely on the fact that there is a procedural barrier to bringing a § 2255 motion, such as a remedy being time-barred, and the petition cannot be based on the assertion that the claim was previously raised and rejected in a § 2255 motion. See Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004); Hill v. Morrison, 349 F.3d 1089, 1091-92 (8th Cir. 2003); United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). Nor is a motion under § 2255 inadequate or ineffective, thereby allowing a prisoner to bring his challenge in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963; see also Hill, 349 F.3d at 1092 (stating that a § 2255

6

motion is not an inadequate or ineffective remedy where the petitioner had "at least two opportunities to raise [his] arguments before the sentencing court").

Swehla I, 2013 U.S. Dist. LEXIS 148961, at *11.

The Seventh Circuit, in In re Davenport, 147 F.3d 605 (7th Cir. 1998), held that a federal prisoner may invoke the savings clause **only** when all four of the following elements are met: (1) the petitioner "had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion"; (2) "the change of law has to have been made retroactive by the Supreme Court"; (3) the change of law "eludes the permission in section 2255 for successive motions";[9] and (4) "a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated" does not constitute a change in law. Davenport, 147 F.3d at 611-12.[10]

In the present case, at least two of the four Davenport elements are not met. First, contrary to Petitioner's assertion, Descamps, 132 S. Ct. 2276, did not result in a change of law

---

[9] The "permission in section 2255 for successive motions" provides:
  (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255(h). As the Seventh Circuit observed, if the change in law does not "elude[] the permission in section 2255 for successive motions," then an avenue exists for the prisoner to file a successive § 2255 motion, and therefore, "his 2255 remedy is not inadequate and he cannot apply for habeas corpus." Davenport, 147 F.3d at 611-12.

[10] The Eighth Circuit has discussed Davenport in at least three subsequent cases, but never expressly adopted the Seventh Circuit's test for when the savings clause applies. See Abdullah, 392 F.3d at 961-94; United States ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir. 2002); Lurie, 207 F.3d at 1077-78. However, the Judges in this District have looked to Davenport when considering whether a petitioner may invoke the savings clause. See, e.g., Jones II, 2014 U.S. Dist. LEXIS 64277, at *2; Jones I, 2014 U.S. Dist. LEXIS 64390, at *9-10; Swehla I, 2013 U.S. Dist. LEXIS 148961, at *11-12, *22-26.

that would allow Petitioner to invoke the savings clause:

> Descamps does not purport to adopt a new rule of law. In Descamps the Supreme Court was applying its existing precedent to determine that in the case before it the lower courts had erred when they applied the modified categorical approach instead of the categorical one. The result in Descamps is one dictated by prior precedent. Descamps did not break with the past to adopt a change in the law. 133 S. Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case.") At best, Petitioner's claim here is that the federal sentencing court got it wrong when it used a modified categorical approach to classify him as a career offender on the basis of his 1994 conviction, but there is no basis to conclude that any such alleged mistake in sentencing now entitles Petitioner to the extraordinary remedy of habeas relief.

Jones I, 2014 U.S. Dist. LEXIS 64390, at *15-16. Therefore, Petitioner cannot even meet the first element under Davenport, supra, for invoking the savings clause.

Additionally, even if Descamps did announce a new rule of law (which it did not), Petitioner could not meet the second prong of the Davenport analysis because the Supreme Court did not make its Descamps ruling retroactive. As previously noted, 28 U.S.C. § 2255 narrowly limits a petitioner's ability to bring a second or successive motion by requiring, *inter alia*, that a second or successive petition may only be brought pursuant to "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h)(2). Petitioner, himself, acknowledges that Descamps "has not yet been applied to successive motions," (Pet. [Docket No. 1], at 4), and this Court's research suggests that the courts that have considered the question have concluded that the Supreme Court has not instructed that Descamps be applied retroactively.[11] Moreover, because more than one year has now passed since the Supreme Court decided Descamps, any new rule from that case could not now be made retroactive. Dodd v. United States, 545 U.S. 353, 359 (2005) (successive petitions barred

---

[11] See, e.g. ; United States v. Koontz, 2014 U.S. Dist. LEXIS 81652, at *2 (N.D. Iowa June 16, 2014) (collecting cases); Larvie v. United States, 2014 U.S. Dist. LEXIS 74440, at *9-11 (D.S.D. June 2, 2014).

8

"except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year").

Because Petitioner is directly challenging the imposition (and not the execution) of his sentence in the present Petition which is before a non-sentencing Court, and because the savings clause in 28 U.S.C. § 2255(e) does not here apply, this Court lacks subject matter jurisdiction to grant Petitioner the relief that he seeks. Jones I, 2014 U.S. Dist. LEXIS 64390, at *20. Consequently, this Court recommends that the Petition, [Docket No. 1], be **DENIED**, and that this case be **DISMISSED without prejudice**.

**B. In the alternative, even if this Court had subject matter jurisdiction to grant Petitioner relief under 28 U.S.C. § 2241, upon consideration of the merits, this Court would nonetheless recommend that the Petition be denied and that this case be dismissed.**

As set forth in Part II.A, supra, this Court concludes that it does not have subject matter jurisdiction to grant the relief that Petitioner seeks under 28 U.S.C. § 2241. However, in light of "the complex relationship between § 2255 and §2241, particularly in cases involving questions of retroactivity," the Court also concludes that "it would be useful for the efficient disposition of this case for this Court to include in this Report and Recommendation an alternative basis for dismissal based on the merits." Swehla I, 2013 U.S. Dist. LEXIS 148961, at *27.

In considering the merits of Petitioner's asserted grounds for relief, this Court notes that, in the months after Descamps, supra, was decided, the U.S. Supreme Court vacated judgment in two Eighth Circuit cases and remanded those cases to the Circuit Court for further consideration in light of Descamps. Olsson v. United States, ___ U.S. ___,[12] 134 S. Ct. 530 (2013); Olten v.

---

[12] U.S. Reporter citation not yet available.

9

United States, ___ U.S. ___,[13] 134 S. Ct. 639 (2013). The Eighth Circuit's subsequent opinions in both Olsson and Olten are relevant to the merits of Petitioner's present case.

**1. This Court would recommend that the Petition be denied and that this case be dismissed because Petitioner's conviction for commercial burglary in Arkansas would still qualify as a predicate offense.**

Petitioner acknowledges that he was convicted of commercial burglary in Arkansas for violation of Ark. Stat. Ann. § 5-39-201. (Pet. [Docket No. 1], at 2-3). However, he argues that Descamps, supra, makes clear that his convictions for commercial burglary are not predicate offenses for purposes of Rule 4B1.1(a) of the U.S. Sentencing Guidelines. This is a misreading of Descamps, which *did not* hold that commercial burglary could never be a violent crime for purposes of the U.S. Sentencing guidelines. Rather, as summarized by the Eighth Circuit in considering Olsson on remand, the Supreme Court in Descamps more precisely held that:

> a sentencing court must apply the categorical approach to sentencing when the crime serving as the basis for an enhancement has a single, individible set of elements. [Descamps], 132 S. Ct. at 2285. The categorical approach "focus[es] on the elements, rather than the facts, of a crime," and it compares those elements with the elements of the generic offense. Id.

United States v. Olsson, 742 F.3d 855, 855-56 (8th Cir. 2014) (hereinafter, "Olsson II"), reh'g denied 2014 U.S. App. LEXIS 5522 (8th Cir. Mar. 25, 2014).

The Arkansas statute under which Petitioner was convicted provides: "A person commits commercial burglary if he or she enters or remains unlawfully in a commercial occupiable structure of another person with the purpose of committing in the commercial occupiable structure any offense punishable by imprisonment." Ark. Stat. Ann. § 5-39-201(b)(1). "The basic elements of the generic burglary offense are 'unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.'" Olsson II, 742 F.3d at

---

[13] U.S. Reporter citation not yet available.

856. Because the basic elements of the Arkansas commercial burglary statute are the same as those of the generic burglary offense, Petitioner's Arkansas conviction "qualifies as a 'crime of violence' under the categorical approach." Olsson II, 742 F.3d at 856 (citing Descamps, 133 S. Ct. 2283).

Petitioner does not challenge the use of his prior residential burglary conviction for purposes of determining whether he qualifies as a career offender under U.S.S.G. Rule 4B1.1(a), and this Court concludes that his Arkansas conviction for commercial burglary also qualifies. Thus, without reaching the question of whether Petitioner's Minnesota commercial burglary conviction likewise qualifies as a predicate offense under the categorical approach, Petitioner still has two predicate offenses that qualify as crimes of violence, and therefore, the U.S. District Court for the Northern District of Iowa properly determined that he was a career offender under the U.S. Sentencing Guidelines, and it sentenced him accordingly.

Therefore, although this Court finds that it does not have subject matter jurisdiction to grant the relief Petitioner seeks in his present Petition, in the alternative, if this Court did have subject matter jurisdiction, it would have nonetheless recommended that the Petition be **DENIED** and the present case **DISMISSED** on the grounds that the sentencing court did not err in sentencing Petitioner under the career offender provision of the U.S. Sentencing Guidelines.

> **2. This Court would recommend that the Petition be denied and that this case be dismissed because the sentencing court expressly stated that <u>it</u> would have arrived at the same sentence on alternative grounds.**

Finally, even if this Court did have subject matter jurisdiction over the present Petition (which it does not), and even if Petitioner was correct that neither of his commercial burglary convictions qualify as crimes of violence (which he is not), this Court *still* would have concluded that Petitioner is not entitled to the relief that he now seeks.

The Eighth Circuit was presented with a similar circumstance when the U.S. Supreme Court remanded Olten. 134 S. Ct. 639. In that case, the defendant's prior burglary convictions came under the exact same California statute that was at issue in Descamps, and that the U.S. Supreme Court determined *was not* a crime of violence. Olten v. United States, 2014 U.S. App. LEXIS 9027, at *1-2, 4 (8th Cir. May 15, 2014). On remand, the Eighth Circuit wrote that, "in light of Descamps, we conclude that it is now clear that Olten's two prior California burglary convictions should not have been used to enhance his sentence." Id. at 4. However, the Eighth Circuit concluded that, "even though Olten's prior California burglary convictions should not have been used to enhance his sentence," he was not entitled to relief under 28 U.S.C. § 2255 because the sentencing court could have imposed the same sentence by an alternative means, such as ordering that his sentences be served consecutively. Id. at *7-9.

In the present case, this Court need not consider whether the sentencing court *could* have used an alternative rationale or alternative means in order to sentence Petitioner to 208 months in prison, because the sentencing court **expressly stated** in deciding Petitioner's 28 U.S.C. § 2255 motion that **it** would have done just that:

> [T]he court concludes that the movant is not entitled to relief . . . because both of the movant's prior convictions for burglary of a commercial building qualify as predicate offenses. *Even if he did not qualify as a career offender, the record makes clear that the court would have departed or varied upward in light of the movant's significant criminal history, and, consequently, it would have arrived at the same sentence*.

Snyder IV, 2012 U.S. Dist. LEXIS 76780, at *6 (emphasis added; citations omitted).

Therefore, although this Court finds that it does not have subject matter jurisdiction to grant the relief Petitioner seeks in his present Petition, in the alternative, if this Court did have subject matter jurisdiction, it would have also recommended that the Petition be **DENIED** and

12

the present case **DISMISSED** on the basis of the Eighth Circuit's holding in <u>Olten</u>, <u>supra</u>, and the sentencing court's plain and unequivocal statement that **it** would have arrived at the same sentence regardless of the Petitioner's career offender classification.

**III.   CONCLUSION**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Petition for habeas corpus relief under 28 U.S.C. § 2241, [Docket No. 1], be **DENIED**; and

2. This action be summarily **DISMISSED WITHOUT PREJUDICE**.[14]

Dated: July 1, 2014                              Leo I. Brisbois
                                                 Leo I. Brisbois
                                                 U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by July 15, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within **fourteen (14) days** of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a

---

[14] Petitioner also asks that this Court "hold this petition in abeyance until Circuit law is settled around the issues created by <u>Descapms</u>, <u>supra</u>, and allow amendment to it, at that time.  In other words, Snyder is attempting to preserve his claims." (Pet. [Docket No. 1], at 5).  However, because this Court finds that it lacks subject matter jurisdiction to grant the relief Petitioner seeks, and in the alternative that Petitioner's claims lack merit, the Court sees no reason to hold this Petition in abeyance or to preserve Petitioner's claims.

forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.